IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Erma Ochoa,

Plaintiff,

v.

City of Mesa, et al.,

Defendants.

No. CV-26-01363-PHX-DWL (ASB)

**REPORT AND RECOMMENDATION**

**TO HON. DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

A review of the docket in this matter shows no timely service has been completed. For the reasons described below, undersigned recommends the matter be dismissed as to Defendant Joseph Moore for failure to serve.

**A. Background**

On February 26, 2026, Plaintiff Erma Ochoa filed her Complaint pursuant to 42 U.S.C. § 1983 against Defendants City of Mesa and Joseph Ochoa. (Doc. 1.) At the time, Plaintiff was represented by counsel. In an Order field March 2, 2026, the Court *inter alia* ordered Plaintiff to timely serve both Defendants and referred the matter to undersigned for pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1). (Doc. 5.) As to service, the Court specifically ordered: "If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R.

Civ. P. 4(m)."

Defendant City of Mesa was timely served and answered the Complaint. (Docs. 8, 12.)

Regarding Defendant Moore, Plaintiff's then-counsel moved for an extension of time to serve on May 16, 2026. (Doc. 9.) He also moved to withdraw from representation of Plaintiff in this case. (Doc. 10.) The Court granted both motions. (Doc. 11.) Plaintiff, who was then proceeding pro se, was ordered to serve Defendant Moore by July 3, 2026. (*Id.*)

When no proof of service for Defendant Moore was filed, the Court entered an Order to Show Cause on July 7, 2026. (Doc. 15.) The Court ordered Plaintiff to show cause why the matter should not be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and/or under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*)

On July 28, 2026, undersigned entered an Order to reflect that someone with Plaintiff's name had "sent emails to the chambers of another Judge in this Court, asking that a case not be dismissed." (Doc. 16.) Undersigned acknowledged that it was unclear whether Plaintiff was the sender of those messages, but undersigned noted that sending emails to a judge's chambers was not the proper method for requesting relief from the Court. (*Id.*) Undersigned further *sua sponte* extended the time for service and also ordered Plaintiff to show cause why the matter should not be dismissed as to Defendant Moore within ten days pursuant to Rule 4(m) and/or Rule 41(b). (*Id.*) To date, nothing as to Defendant Moore has been filed in response to those Orders.

It is against this backdrop that undersigned considers the relevant Rules and controlling case law.

**B. Analysis**

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(m) sets forth the time limits for service and directs that if a defendant is not served within 90 days after the complaint is filed, the Court, on its own after notice to the plaintiff, "must

dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) continues, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (analyzing good cause in the context of Rule 4(j)). Further, a plaintiff may "be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)). Indeed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action due to a plaintiff's failure to prosecute or to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with any order of the court).

Here, Plaintiff was specifically warned that failure to comply with Rule 4 may result in dismissal of the action as to any unserved defendant (including Defendant Moore). (Docs. 5, 15, 16.) On the record before it, undersigned cannot conclude that Plaintiff has shown "good cause" as defined in *Boudette*. 923 F.2d at 756. While undersigned recognizes Plaintiff is self-represented, the Court has provided multiple extensions of time for service as to Defendant Moore. Further, undersigned cannot find that the unserved defendant has received actual notice of this action and would suffer no prejudice, and undersigned cannot find that Plaintiff would be severely prejudiced if her Complaint were dismissed as to the unserved defendant. *See Boudette*, 923 F.2d at 756. In sum, the Court finds Plaintiff has failed to prosecute this action as required regarding the unserved defendant (Defendant Moore). Consequently, dismissal of the Complaint under Rule 41(b) is warranted.

In light of the foregoing, undersigned will recommend that the Complaint be

dismissed without prejudice as to Defendant Moore only. The case is ongoing as to Defendant City of Mesa.

**RECOMMENDATION**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be **dismissed without prejudice as to Defendant Joseph Moore only**, and that the Clerk of Court terminate that defendant from this action accordingly.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of September, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge